UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA BEARD-GRADY, )
)
   Plaintiff, )
)
v. ) No.:
)
ENHANCED RECOVERY )
COMPANY, LLC, )
)
   Defendant. )

## COMPLAINT

SANDRA BEARD-GRADY (Plaintiff), by and through her attorneys, the LAW OFFICES OF MATTHEW W. KIVERTS, alleges the following against ENHANCED RECOVERY COMPANY, LLC, (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Illinois; and therefore, personal jurisdiction is established.

1

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7. Plaintiff is a natural person residing in the City of Hickory Hills, County of Cook, and State of Illinois.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3); and, according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6); and, sought to collect a consumer debt from Plaintiff.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is an international company with its corporate office located in the City of Jacksonville, County of Duval, and State of Florida.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment of a consumer debt owed to Pottery Barn, a consumer retail establishment.

13. Defendant was not the owner, holder, or licensee of the debt, and did not have the legal ability and/or authority to collect on the alleged debt, even though Defendant continually attempted to do so.

14. Defendant placed collection calls from 800-459-0766 and 800-278-2420, among

2

others, to Plaintiff's home telephone.

15. On or about December 18, 2012, Defendant placed a collection call from telephone number 800-459-0766, to Plaintiff's home telephone, and did not leave a message when the call went unanswered.

16. On or about December 20, 2012, Defendant placed a collection call from telephone number 800-278-2420, to Plaintiff's home telephone, and did not leave a message when the call went unanswered.

17. On or about December 20, 2012, Plaintiff, immediately upon discovering that she had missed the call, attempted to return that call by dialing 800-278-2420.

18. On or about December 20, 2012, Plaintiff, despite several attempts, was unable to speak to a live person; instead, a pre-recorded message played continuously, and despite pressing "0" over and over again, no human being ever picked up.

19. Later that same day, Plaintiff made another attempt to return the call from Defendant by dialing 800-278-2420; and his time, after repeatedly pressing "0", one of Defendant's collection agents answered the telephone, asked Plaintiff to identify the telephone numbers that Defendant had called (which she did), after which the collection agent told Plaintiff that Defendant had called about a Pottery Barn debt, and that they had called to speak to "Devorn Grady" about that debt.

20. Plaintiff told Defendant's collection agent that "Devorn Grady" was her husband, but that she was the one who had a Pottery Barn account, to which the collection agent responded by restating that Defendant wanted to speak to "Devorn Grady" and requested that Plaintiff give him the message.

21. On or about December 21, 2012, Plaintiff's husband, "Devorn Grady", returned Defendant's collection call by dialing 800-278-2420.

22. Plaintiff's husband, "Devorn Grady", spoke with one of Defendant's collection agents who asked him whether he knew Plaintiff, to which he responded by telling Defendant that Plaintiff is his wife.

23. On or about December 21, 2012, one of Defendant's collection agents told Plaintiff's husband, "Devorn Grady" that Plaintiff owed a debt to Pottery Barn, provided him with a reference number and account number, and asked him to have Plaintiff call Defendant back to discuss the debt.

24. On or about December 22, 2012, Plaintiff returned Defendant's collection call again by dialing 800-278-2420 and immediately spoke with one of Defendant's collection agents who identified herself as "Connie Grant", who did not inform Plaintiff of Defendant's actual identity (full name); did not inform Plaintiff that Defendant was a debt collector; and did not inform Plaintiff that any information gleaned during the course of the telephone call would be used for the purpose of debt collection.

25. Defendant's collection agent, who identified herself as "Connie Grant", asked Plaintiff to confirm the telephone number that Defendant had called, which she did by providing Defendant with her home telephone number.

26. Defendant's collection agent, who identified herself as "Connie Grant", told Plaintiff that the number was coming up "Devorn Grady" and Plaintiff again informed the collection agent that "Devorn Grady" was her husband, and despite the fact that Defendant had called wanting to speak to him about the Pottery Barn debt, he had nothing to do with it.

27. Defendant's collection agent, who identified herself as "Connie Grant", told Plaintiff that her husband must have called Defendant back from the home telephone number, to which Plaintiff responded by telling Defendant that her husband returned Defendant's collection call from his cellular telephone, and not the home telephone, and reminded the collection agent that a couple of days earlier when she was on the telephone to speak about a Pottery Barn debt the collection agent did not want to talk to her; instead, the agent asked for Plaintiff to have her husband "Devorn Grady" call them.

28. Defendant's collection agent, who identified herself as "Connie Grant" continued to argue with Plaintiff about the account and accused Plaintiff of lying, telling her that her husband must be on the Pottery Barn account which is why they were calling him, but when Plaintiff told the collection agent again that her husband "Devorn Grady" had nothing to do with the account, that it was solely in her name, Defendant's collection agent abruptly slammed down the telephone and disconnected the call.

29. At the time it placed the aforementioned collection calls, Defendant did not have the legal ability and/or authority to collect the Pottery Barn debt from Plaintiff.

30. Defendant did not mail Plaintiff a debt validation letter informing her of her rights as a consumer with respect to collection of the alleged debt within five (5) days of its initial communication with her.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff re-alleges and incorporates herein by reference, paragraphs 1-30.

32. Defendant violated the FDCPA based on the following:

5

a. Defendant violated §1692d of the FDCPA by utilizing a telephone system that did not allow Plaintiff to speak to a live person when she attempted to call Plaintiff back at the same number Defendant used to place the collection calls to Plaintiff; by interrupting Plaintiff while on the telephone with her; while continually and wrongfully/deceptively telling Plaintiff that her husband called Defendant from their home telephone and that his name is on the Pottery Barn debt; by harassing Plaintiff when despite the fact that she called Defendant to speak about the Pottery Barn debt, Defendant did not wish to do so, instead asking her to have her husband, who had no connection with the debt, to call them back; and, by attempting to collect a debt from Plaintiff that Defendant did not have the legal ability and/or authority to collect.

b. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff and not identifying itself by its full name, not identifying itself as a debt collector, and not informing Plaintiff that all information gleaned during the course of its telephone call with her would be used for the purposes of debt collection.

c. Defendant violated §1692e of the FDCPA by engaging in false, deceptive and/or misleading representation or means in connection with the debt collection by utilizing a telephone system that did not allow Plaintiff to speak to a live person when she attempted to call Plaintiff back at the same number Defendant used to place collection calls to Plaintiff; and, by contacting Plaintiff's husband about the debt, for no other reason but seemingly to

divulge Plaintiff's personal financial matters to him, as when Plaintiff had been willing to speak to Defendant about the debt, it did not want to; instead, Defendant asked Plaintiff to have her husband call to speak to them about the Pottery Barn debt.

d. Defendant violated §1692e(2) of the FDCPA by attempting to collect a debt from Plaintiff that Defendant did not have the legal authority and/or ability to collect.

e. Defendant violated §1692e(5) of the FDCPA by attempting to collect a debt from Plaintiff that Defendant did not have the legal authority and/or ability to collect.

f. Defendant violated §1692e(11) of the FDCPA by placing collection calls to Plaintiff and not identifying itself by its full name, not identifying itself as a debt collector, and not informing Plaintiff that all information gleaned during the course of its telephone call with her would be used for the purposes of debt collection.

g. Defendant violated §1692g of the FDCPA by failing to send to Plaintiff a debt validation letter within five (5) days of its initial communication with her.

WHEREFORE, Plaintiff, SANDRA BEARD-GRADY, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following:

33. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

34. Actual Damages;

35. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and,

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Matthew W. Kiverts
Matthew W. Kiverts
LAW OFFICES OF
MATTHEW WILLIAM KIVERTS
27 N. Wacker Dr., Suite 401
Chicago, IL 60606
(312) 632-1017
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

Plaintiff, SANDRA BEARD-GRADY, hereby states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SANDRA BEARD-GRADY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

8-15-2013
Date

SANDRA BEARD-GRADY